I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 3·22·12

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 2 2 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JIMMY REA, | Case No. CV 12-2241-ODW (JPR) |
| Petitioner, | |
| vs. | ORDER TO SHOW CAUSE |
| ROBERT GOWER, Warden, | |
| Respondent. | |

On March 16, 2012, Petitioner, a state prisoner incarcerated at High Desert State Prison in Susanville, California, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Petition purports to state three grounds for relief.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Specifically, a habeas petition "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

1

Exhaustion requires that the petitioner's contentions were fairly presented to the state courts and disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203, 71 L. Ed. 2d 379 (1982). A federal court may raise the failure-to-exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 1675, 95 L. Ed. 2d 119 (1987).

In section seven of the Petition, Petitioner has checked boxes indicating that ground two of the Petition was never raised in the California Supreme Court. (See Pet. at 5-6.) Grounds one and three, however, apparently were raised on direct appeal and in a Petition for Review. (See id.) He asserts that ground two is currently pending in a habeas petition in Los Angeles County Superior Court. (Id. at 7-8.) Petitioner's inclusion of ground two in the Petition thus renders it a "mixed petition" containing both exhausted and unexhausted claims. Such petitions must generally be dismissed. See Rose, 455 U.S. at 518. If it were clear that Petitioner's unexhausted claim, which he asserts is based on newly discovered evidence (Pet. at 7), were procedurally barred under state law, the exhaustion requirement would be satisfied. See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 1060, 103 L. Ed. 2d 380 (1989); Johnson v. Zenon, 88

2

F.3d 828, 831 (9th Cir. 1996).   It is not "clear," however, that
if Petitioner were to raise his unexhausted claim in a habeas
petition to the California Supreme Court (which as an original
proceeding would not be subject to the same timeliness
requirements as a Petition for Review of a Court of Appeal
decision), the California Supreme Court would hold that
Petitioner's unexhausted claim was procedurally barred under
state law.   See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal.
Rptr. 2d 373, 377 (1993) (granting habeas relief to petitioner
claiming sentencing error even though alleged error could have
been raised on direct appeal).

     In certain "limited circumstances," a district court may
stay a mixed petition and hold it in abeyance while the
petitioner exhausts his unexhausted claims in state court.   See
Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 1535, 161 L.
Ed. 2d 440 (2005).   Under Rhines, the prerequisites for obtaining
a stay while the petitioner exhausts his state remedies are as
follows: (1) the petitioner must show good cause for his failure
to exhaust his claims first in state court, (2) the unexhausted
claims must not be "plainly meritless," and (3) the petitioner
must not have engaged in "abusive litigation tactics or
intentional delay."   See id. at 277-78.   It is unclear from the
face of the Petition whether Petitioner meets these requirements.

     IT THEREFORE IS ORDERED that on or before **April 20, 2012,**
Petitioner shall (1) file a formal stay-and-abey motion if he
believes he can make the requisite showings; (2) voluntarily
dismiss the Petition without prejudice pursuant to Federal Rule
of Civil Procedure 41(a)(1); (3) voluntarily dismiss ground two

of the Petition and elect either to proceed on his exhausted claims or seek a stay of the fully exhausted Petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing for stays of fully exhausted federal petitions without showing of good cause); or (4) show cause in writing why the Court should not recommend that this action be dismissed without prejudice for failure to exhaust state remedies.

DATED: March 22, 2012

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

4